**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SERAH NJOKI KARINGITHI, | No.   16-70885 |
| Petitioner, | Agency No. A087-020-992 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2018
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Serah Njoki Karingithi petitions for review of the Board of Immigration

Appeals' ("BIA") decision denying her applications for asylum and withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252(a)(1), and deny the petition.[1]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] We address Karingithi's contention that the Immigration Court lacked jurisdiction in this matter in an Opinion filed contemporaneously with this memorandum disposition.

The BIA correctly found that Karingithi was ineligible for asylum because her application was filed more than a year after she entered the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Karingithi's plan to obtain other lawful immigration status was not an "extraordinary circumstance" excusing her late filing. *See* 8 U.S.C. § 1158(a)(2)(D). None of the examples of extraordinary circumstances listed at 8 C.F.R. § 1208.4(a)(5) include planning to apply for a visa or adjustment of status, nor is such a plan "of a similar nature or seriousness" as the enumerated examples. *Gasparyan v. Holder*, 707 F.3d 1130, 1135 (9th Cir. 2013).

Substantial evidence supports the BIA's conclusion that Karingithi was ineligible for withholding of removal. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). At most, Karingithi established she was subject to "unfulfilled threats," which does not compel the conclusion that she was subject to past persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). And while there is no doubt "that female genital mutilation constitutes persecution," *Benyamin v. Holder*, 579 F.3d 970, 976 (9th Cir. 2009), Karingithi has not shown a "clear probability" that she will be subject to female genital mutilation upon return to Kenya, *see Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

**PETITION DENIED**.